## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

ROY IV, LLC,

       Plaintiff,

    v.

SPOT.XYZ CORPORATION,

       Defendant.

Civil Action No.: 3:26-cv-00591

COMPLAINT

Jury Trial Demand

## COMPLAINT

Plaintiff, Roy IV, LLC d/b/a SpecBooks ("SpecBooks"), by and through its undersigned counsel, alleges the following as its Complaint against Defendant, Spot.xyz Corporation ("Specbook.ai"):

## THE PARTIES

1.    SpecBooks is a limited liability company organized under the laws of the State of Florida and having a principal place of business in Santa Rosa Beach, Walton County, Florida.

2.    Upon information and belief, Specbook.ai is a company organized under the laws of the State of Delaware and having a principal place of business in Seattle, Washington.

## JURISDICTION AND VENUE

3.     This action arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Fla. Stat. § 501.201, Fla. Stat. § 817.41, and Florida common law.

4.      Jurisdiction is conveyed upon this Court pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 15 U.S.C. § 1121.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.     This Court has personal jurisdiction over Specbook.ai at least by virtue of Specbook.ai having conducted business in this District and Florida and having committed one or more acts complained of herein in this District and in Florida.

6.     Specbook.ai's actions in this District include, but are not limited to, advertising and offering for sale its construction-related software in this District using the trademarks accused of infringement in this action. In addition, Specbook.ai's website (located at https://www.specbook.ai/) allows purchasing without geographic restriction.

7.     Specbook.ai's actions in Florida have also caused actual confusion in the Florida marketplace. For example, one potential customer located in Florida contacted SpecBooks to schedule an appointment believing that Specbook.ai was "just a division" of SpecBooks.

2

8.    Further, upon information and belief, Specbook.ai has sold its infringing software to third parties located in Florida or for use in connection with projects in Florida.

9.    By way of example and upon information and belief, Specbook.ai has sold its software under its infringing trademark to Global Diving & Salvage, Inc., which is a company that is registered to do business in Florida and operates in Florida.

10.    Venue is proper pursuant to 28 U.S.C. § 1391, including at least 28 U.S.C. § 1391(b). In particular, Specbook.ai has advertised, marketed, offered for sale, and sold infringing products under its infringing trademark described herein into or for possible use in this judicial District, caused actual confusion in the Florida marketplace, and intentionally committed such acts with the intent to trade off of the goodwill and reputation of SpecBooks who is located in this District, thereby committing acts of trademark infringement detailed herein within this District.

## FACTUAL ALLEGATIONS

### Specbooks' Brand and Software Solutions

11.    SpecBooks launched in 2012 and began offering software solutions for contractors, home remodelers, manufacturers, property managers, showroom and retail markets, plumbing, electrical, PVF, and interior design markets.

3

12.     SpecBooks provides a comprehensive suite of industry-leading digital tools, data solutions, and services that streamline traditional sales processes designed to empower everyone in the building process—from individuals to manufacturers.

13.     SpecBooks' original product, SpecBooks, provides users with access to a massive database of enriched product data and allows users to build and manage their own product library.  Users have the ability to picture portfolios, specification books, and quotes in unison.  As a result, the SpecBooks software streamlines business operations, reduces project liability, and produces custom branded sales documents.

14.     SpecBooks software also includes payment processing, data from over ten million inventory items, and pricing that is sourced directly from the manufacturer, and a digital storefront.

15.     SpecBooks also offers its SpecBooks+ software, which includes the functionality of the original SpecBooks software but also includes additional project management tools, including for converting bids and proposals into detailed submittals.

16.     SpecBooks' software further includes artificial intelligence (AI) resources.  For example, SpecBooks software includes artificial intelligence predictive quoting (AIPQ).  This feature allows AI to create a bid, submittal, and Operations and Maintenance (O&M) document in unison.  Such AI features

4

automate the quotation and submittal process to reduce cost and increase earning

potential.

17.    SpecBooks actively advertises such AI features.    For example,

SpecBooks' website provides:

> Simply upload your fixture schedule to SpecBooks, and let our advanced AI technology take care of the rest. It efficiently processes fixture schedules, generating a comprehensive quote, a visually appealing picture portfolio, a detailed submittal, O&M documentation, warranty pack, and installation guides.
>
> What's more, our AI product cross-reference feature recommends preferred comparable products that align with the items listed on the schedule, making your product selection process seamless and efficient. Elevate your workflow with AIPQ – simplifying and optimizing the way you handle quotations and submittals.

18.    SpecBooks' website also includes graphics promoting its AI features,

such as:



Outpace your competition with SpecBooks AI

Stop wasting time putting together bids and cross referencing products.

19.    As another example, SpecBooks' website also includes the following graphic promoting its AI features:



20.    Specbooks and Specbooks+ allow users to create submittals, operations and maintenance documents, warranty packages, installation packages, take-offs, and picture portfolios for specific projects or for recurring use.

21.    In addition, SpecBooks advertises that its solutions can be integrated with third party software, and such integration increases the risk of consumer confusion when a third party adopts an infringing trademark for software services offered in the same industries.

22.    SpecBooks has consistently offered such software solutions and services over the past thirteen (13) years using the SpecBooks name.

23.    SpecBooks has also used the following lettering design as a logo since at least 2012:



24.    SpecBooks also has used the following logo to identify its software products and services since at least 2025 and before Specbook.ai entered the market:



25.    SpecBooks has also owned the domain name https://specbooks.com/ since at least 2010 and has maintained a website at that domain name since at least 2012 for advertising and promoting its software and services.

26.    Given its success in the industry, SpecBooks has become a trusted partner for industry-leading showrooms, wholesalers, distributors, builders, interior designers, and manufacturers. SpecBooks has over 10,000 accounts across North America, including accounts for clients and projects in Florida, Delaware, and Washington.

27.    Currently, SpecBooks is used to provide information to customers for over eight million (8,000,000) products per year that have a value of over $6,000,000,000.

7

28.     SpecBooks and has invested and continues to invest substantial amounts in advertising its brand.  SpecBooks current marketing budget is over $200,000 per year, and SpecBooks has spent over $100,000 in marketing over the past five years.

29.     SpecBooks also promotes its brand at industry events, including, by way of example, the Kitchen and Bath Industry Show (KBIS) and the LPG Expo as well as the upcoming International Builders' Show (IBS).

30.     At least as a result of such advertising, sales, and longevity in the market, the SpecBooks name and logo have come to identify SpecBooks as the source of such software solutions and services such that the name and logo have secondary trademark meaning.

## Specbook.ai's Infringing Conduct

31.     Upon information and belief, Specbook.ai entered the market offering its own "specbook" and/or "specbook ai" software in 2025.

32.     Specbook.ai's software has been and is advertised as being used to analyze specifications, drawings, and project documents in order to save time and reduce risk.

33.     Specbook.ai advertises its products to the construction industry as well as other industries.

8

34.    Specbook.ai's actual and target customers overlap with SpecBooks' actual and target customers.

35.    Specbook.ai has used the name "Specbook" standing alone to represent its company and software product.

36.    For example, the image below shows Specbook.ai advertising at the Transportation Research Board Conference on Data & AI for Transportation Advancement in or around May 2025 using the name "SPECBOOK":



37.    In addition, the foregoing image has been posted on and remains present on social media, including at least on LinkedIn at https://www.linkedin.com/in/graham-ralston-esq-cpa-79856514/recent-activity/all/.

38.    In response to the aforementioned LinkedIn post, comments were posted that included the following: "Great meeting you and specbook team!" and "Awesome meeting you at TRB and learning about Specbook, super impressive product!"

39.    In addition, Specbook.ai has posted videos referencing itself as "Specbook." For example, the screenshot below was posted at and remains available at    https://www.linkedin.com/in/ghempton/recent-activity/all/    and    includes Specbook.ai's CEO referencing his company's product as "SPECBOOK":



40.    In addition, as shown in the foregoing video, Specbook.ai's software operates and/or has operated at a domain address of app.specbook.ai.

41.    Third parties also have referenced Specbook.ai as "Specbook."  For example, one online video discussing Specbook.ai's software, which remains online at https://www.youtube.com/watch?v=d2P3XDdJAJw, is titled "Specbook – The Fastest Way to Review Submittals with AI". During that video, Mr. Gordon Hempton introduced himself as the "CEO of Specbook" and another participant, Mr. Graham Ralston, had his title posted as "Specbook – Operations".

42.    In yet another presentation, which is available online at https://www.youtube.com/watch?v=Tm54_h9STjg, Specbook.ai was represented as "Specbook," which is shown by the excerpt below:



43.    In    yet    another    online    posting,    which    is    available    at
https://www.youtube.com/watch?v=VZxau6e5RmY, Specbook.ai was referenced
as "Specbook" by the host and Specbook.ai's own employees.  In addition, a
presentation by a Specbook.ai employee during that video referenced Specbook.ai's
software as "SPECBOOK" and showed the use of the following name and logo:

**Transforming AEC**
**Collaboration with AI**

 

44.    Specbook.ai has advertised and continues to advertise and offer for sale
its software at the website https://www.specbook.ai/.  Such website advertising and
online purchasing is available to users in Florida.

45.    Specbook.ai also currently uses the following logo to advertise and
market its software products:



46.    Since its entry into the market, Specbook.ai has caused actual confusion
as to its software being the product of or affiliated with SpecBooks or as to
SpecBooks and Specbook.ai being the same company or somehow affiliated.

47.     Even to the extent that Specbook.ai uses any version of "Specbook" with the modifier "AI," consumers and others in the market have falsely believed and are likely to continue to falsely believing that Specbook.ai is SpecBooks, that those companies are affiliated, that Specbook.ai's products originated from, are approved by, or are otherwise affiliated with SpecBooks, and/or to likely shorthand any such usage by Specbook.ai to "specbook" or "specbooks".

48.     By way of example, one potential customer contacted SpecBooks to schedule an appointment believing that Specbook.ai was "just a division" of SpecBooks, thereby evidencing actual confusion in the market.

49.     Upon information and belief, Specbook.ai knew or should have known when it entered the market about SpecBook's name and logo being used for software solutions for the construction industry that include artificial intelligence (AI) components or features.

50.     Specbook.ai's unauthorized use of the name "Specbook" and/or "Specbook.ai," and any similar variations thereof, has caused and is likely to continue causing confusion, mistake, and deception as to the source or origin of its products and has falsely suggested and is likely to continue falsely suggesting a sponsorship, connection, license, or association between Specbook.ai, its products and services, and/or its commercial activities and SpecBooks, its products and services, and/or its commercial activities.

51.     Prior to this lawsuit, SpecBooks notified Specbook.ai of its trademark infringement, and SpecBooks requested Specbook.ai to cease such infringement.  To the extent that Specbook.ai may claim that it now uses "Specbook.ai," that has not resolved the infringement issues and Specbook.ai has refused to take further remedial action to avoid such ongoing infringement. As such, Specbook.ai has knowingly failed to take sufficient action to stop its ongoing infringement.

<div align="center">

**COUNT I**
**Trademark Infringement, False Designation of Origin, and Unfair**
**Competition Under Section 43(a) of the Lanham Act**

</div>

52.     The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

53.     Specbooks is the owner of trademark rights in the SpecBooks name and the SpecBooks logo shown below (collectively the "SpecBooks Marks"):



54.     The SpecBooks Marks are entitled to protection under Section 43(a) of the Lanham Act.

55.     The SpecBooks Marks are arbitrary or fanciful or, at a minimum, have acquired secondary meaning from their extensive, lengthy, and exclusive use for the relevant software products and services.

14

56.     SpecBooks has trademark priority over Specbook.ai in the SpecBooks Marks, and Specbook.ai has not been authorized to use the SpecBooks Marks.

57.     Specbook.ai's use of "specbook" and "specbook.ai" and "specbook ai" and any other similar forms (collectively the "Infringing Marks") has caused and is likely to continue causing confusion, mistake, or deception as to an affiliation, connection, or association of Specbook.ai's company and/or software with SpecBooks, has caused and is likely to continue cause confusion as to the origin, sponsorship, or approval of Specbook.ai's software from SpecBooks, and/or has caused and is likely to continue causing mistake that Specbook.ai and/or its products or services are affiliated, connected, or associated with SpecBooks or its software or services.

58.     Upon information and belief, Specbook.ai's had knowledge of SpecBooks and its software products and services prior to Specbook.ai adopting its own Infringing Marks or promoting, advertising, distributing, and/or selling software products and services using the Infringing Marks.

59.     Upon information and belief, Specbook.ai intentionally adopted the Infringing Marks in order to be the same as or similar to the SpecBooks Marks, a Florida company, and to intentionally and impermissibly trade off of SpecBooks' reputation and goodwill and/or to confuse purchasers as to some type of affiliation between Specbook.ai and SpecBooks or their respective products or services.  Such

15

harm was targeted against SpecBooks, was foreseeable as significantly impacting SpecBooks, and is being suffered by SpecBooks, which is a Florida company.

60.    Specbook.ai has continued to market and sell its software products and services using its infringing trademarks after notice of SpecBooks' rights in the SpecBooks Marks and Specbook.ai's infringement.

61.    Specbook.ai's conduct constitutes trademark infringement, false designation of origin, and/or unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

62.    As a result of Specbook.ai's actions, SpecBooks has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and business relationships, which will cause immediate and imminent harm to SpecBooks. Such damage and harm are ongoing, continuous, and irreparable. A monetary award of damages alone cannot fully compensate SpecBooks for the damage and harm caused by Specbook.ai, and SpecBooks lacks an adequate remedy at law. SpecBooks will continue to suffer irreparable harm unless Specbook.ai's unlawful conduct is enjoined immediately and permanently.

63.    SpecBooks is entitled to recover damages, and a disgorgement of Specbook.ai's profits resulting from Specbook.ai's trademark infringement, in an amount to be determined at trial and trebled pursuant to 15 U.S.C. § 1117.

64.    Given Specbook.ai's intentional and willful conduct, this is an exceptional case and SpecBooks is entitled to an award of its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

## COUNT II
## Unfair Competition Under Florida Common Law

65.    The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

66.    Specbooks is the owner of trademark rights in the SpecBooks Marks.

67.    The SpecBooks Marks are entitled to protection under the common law of Florida.

68.    The SpecBooks Marks are arbitrary or fanciful or, at a minimum, have acquired secondary meaning from their extensive, lengthy, and exclusive use for the relevant software products and services.

69.    SpecBooks has trademark priority over Specbook.ai in the SpecBooks Marks, and Specbook.ai has not been authorized to use the SpecBooks Marks.

70.    Specbook.ai's use of the Infringing Marks has caused and is likely to continue causing confusion, mistake, or deception as to an affiliation, connection, or association of Specbook.ai's company and/or software with SpecBooks, has caused and is likely to continue causing confusion as to the origin, sponsorship, or approval of Specbook.ai's software from SpecBooks, and/or has caused and is likely to

continue causing mistake that Specbook.ai and/or its products or services are affiliated, connected, or associated with SpecBooks or its software or services.

71.    Upon information and belief, Specbook.ai's had knowledge of SpecBooks and its software products and services prior to Specbook.ai adopting its own Infringing Marks or promoting, advertising, distributing, and/or selling software products and services using the Infringing Marks.

72.    Upon information and belief, Specbook.ai intentionally adopted the Infringing Marks in order to be the same as or similar to the SpecBooks Marks, a Florida company, and to intentionally and impermissibly trade off of SpecBooks' reputation and goodwill and/or to confuse purchasers as to some type of affiliation between Specbook.ai and SpecBooks or their respective products or services.  Such harm was targeted against SpecBooks, was foreseeable as significantly impacting SpecBooks, and is being suffered by SpecBooks, which is a Florida company.

73.    Specbook.ai has continued to market and sell its software products and services using its infringing trademarks after notice of SpecBooks' rights in the SpecBooks Marks and Specbook.ai's infringement.

74.    Specbook.ai's conduct constitutes unfair competition under the common law of Florida.

75.    As a result of Specbook.ai's actions, SpecBooks has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and business

relationships, which will cause immediate and imminent harm to SpecBooks. Such damage and harm are ongoing, continuous, and irreparable. A monetary award of damages alone cannot fully compensate SpecBooks for the damage and harm caused by Specbook.ai, and SpecBooks lacks an adequate remedy at law. SpecBooks will continue to suffer irreparable harm unless Specbook.ai's unlawful conduct is enjoined immediately and permanently.

76.    SpecBooks is entitled to recover damages and a disgorgement of Specbook.ai's profits resulting from Specbook.ai's unfair competition, in an amount to be determined at trial and trebled.

77.    At least given Specbook.ai's intentional and willful conduct, SpecBooks is entitled to an award of its reasonable attorneys' fees.

## COUNT III
## Trademark Infringement Under Florida Common Law

78.    The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

79.    Specbooks is the owner of trademark rights in the SpecBooks Marks.

80.    The SpecBooks Marks are entitled to protection under the common law of Florida.

81.    The SpecBooks Marks are arbitrary or fanciful or, at a minimum, have acquired secondary meaning from their extensive, lengthy, and exclusive use for the relevant software products and services.

82.     SpecBooks has trademark priority over Specbook.ai in the SpecBooks Marks, and Specbook.ai has not been authorized to use the SpecBooks Marks.

83.     Specbook.ai's use of the Infringing Marks has caused and is likely to continue causing confusion, mistake, or deception as to an affiliation, connection, or association of Specbook.ai's company and/or software with SpecBooks, has caused and is likely to continue causing confusion as to the origin, sponsorship, or approval of Specbook.ai's software from SpecBooks, and/or has caused and is likely to continue causing mistake that Specbook.ai and/or its products or services are affiliated, connected, or associated with SpecBooks or its software or services.

84.     Upon information and belief, Specbook.ai had knowledge of SpecBooks and its software products and services prior to Specbook.ai adopting its own Infringing Marks or promoting, advertising, distributing, and/or selling software products and services using the Infringing Marks.

85.     Upon information and belief, Specbook.ai intentionally adopted the Infringing Marks in order to be the same as or similar to the SpecBooks Marks, a Florida company, and to intentionally and impermissibly trade off of SpecBooks' reputation and goodwill and/or to confuse purchasers as to some type of affiliation between Specbook.ai and SpecBooks or their respective products or services.  Such harm was targeted against SpecBooks, was foreseeable as significantly impacting SpecBooks, and is being suffered by SpecBooks, which is a Florida company.

86.    Specbook.ai has continued to market and sell its software products and services using its infringing trademarks after notice of SpecBooks' rights in the SpecBooks Marks and Specbook.ai's infringement.

87.    Specbook.ai's conduct constitutes trademark infringement under the common law of Florida.

88.    As a result of Specbook.ai's actions, SpecBooks has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and business relationships, which will cause immediate and imminent harm to SpecBooks. Such damage and harm are ongoing, continuous, and irreparable. A monetary award of damages alone cannot fully compensate SpecBooks for the damage and harm caused by Specbook.ai, and SpecBooks lacks an adequate remedy at law. SpecBooks will continue to suffer irreparable harm unless Specbook.ai's unlawful conduct is enjoined immediately and permanently.

89.    SpecBooks is entitled to recover damages and a disgorgement of Specbook.ai's profits resulting from Specbook.ai's trademark infringement, in an amount to be determined at trial and trebled.

90.    At least given Specbook.ai's intentional and willful conduct, SpecBooks is entitled to an award of its reasonable attorneys' fees.

21

## COUNT IV
## Misleading Advertising, Fla. Stat. § 817.41

91.    The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

92.    Specbooks is the owner of trademark rights in the SpecBooks Marks.

93.    The SpecBooks Marks are entitled to protection under the common law of Florida.

94.    The SpecBooks Marks are arbitrary or fanciful or, at a minimum, have acquired secondary meaning from their extensive, lengthy, and exclusive use for the relevant software products and services.

95.    SpecBooks has trademark priority over Specbook.ai in the SpecBooks Marks, and Specbook.ai has not been authorized to use the SpecBooks Marks. Specbook.ai has engaged in misleading advertising by using the "Infringing Marks" in advertising, including on its website and social media, in a manner that has caused and is likely to continue causing confusion, mistake, or deception as to an affiliation, connection, or association of Specbook.ai's company and/or software with SpecBooks, has caused and is likely to continue causing confusion as to the origin, sponsorship, or approval of Specbook.ai's software from SpecBooks, and/or has caused and is likely to continue causing mistake that Specbook.ai and/or its products or services are affiliated, connected, or associated with SpecBooks or its software or services.

22

96.    Upon information and belief, Specbook.ai's had knowledge of SpecBooks and its software products and services prior to Specbook.ai adopting its own Infringing Marks or promoting, advertising, distributing, and/or selling software products and services using the Infringing Marks.

97.    Upon information and belief, Specbook.ai intentionally adopted and used the Infringing Marks in order to be the same as or similar to the SpecBooks Marks, a Florida company, and to intentionally and impermissibly trade off of SpecBooks' reputation and goodwill and/or to confuse purchasers as to some type of affiliation between Specbook.ai and SpecBooks or their respective products or services.    Such harm was targeted against SpecBooks, was foreseeable as significantly impacting SpecBooks, and is being suffered by SpecBooks, which is a Florida company.

98.    Specbook.ai has continued to market and sell its software products and services using its infringing trademarks after notice of SpecBooks' rights in the SpecBooks Marks and Specbook.ai's infringement.

99.    Specbook.ai's conduct constitutes misleading advertising under the law of Florida.

100.   As a result of Specbook.ai's actions, SpecBooks has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and business relationships, which will cause immediate and imminent harm to SpecBooks. Such

23

damage and harm are ongoing, continuous, and irreparable. A monetary award of damages alone cannot fully compensate SpecBooks for the damage and harm caused by Specbook.ai, and SpecBooks lacks an adequate remedy at law. SpecBooks will continue to suffer irreparable harm unless Specbook.ai's unlawful conduct is enjoined immediately and permanently.

101.   SpecBooks is entitled to recover damages, and a disgorgement of Specbook.ai's profits resulting from Specbook.ai's misleading advertising, in an amount to be determined at trial and trebled.

102.   At least given Specbook.ai's intentional and willful conduct, SpecBooks is entitled to an award of its reasonable attorneys' fees.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, SpecBooks requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, SpecBooks prays that the Court grant the following relief:

A.   Judgment that Specbook.ai has infringed SpecBooks' protectable trademark rights, engaged in false designation of origin, and engaged in unfair competition all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

B.    Judgment that Specbook.ai has infringed SpecBooks' protectable trademark rights, engaged in false designation of origin, and engaged in unfair competition all in violation of the common law of Florida;

C.    Judgment that Specbook.ai has engaged in misleading advertising in violation of Florida law;

D.    Enjoin Specbook.ai, its officers, agents, employees, representatives, and all others acting in concert therewith, from marketing, selling, or offering for sale any product or service using the SpecBooks Marks, any confusingly similar variations thereof, or the Infringing Marks;

E.    Order Specbook.ai to issue corrective advertising;

F.    Award SpecBooks damages adequate to compensate for Specbook.ai's infringement, false designation of origin, and unfair competition, together with interest and costs, and a trebling of damages pursuant to the Lanham Act, 15 U.S.C. § 1117;

G.    Award SpecBooks all of Specbook.ai's profits resulting from its unlawful conduct, together with interest and costs, and up to a trebling of profits pursuant to 15 U.S.C. § 1117;

H.    Award SpecBooks damages and a financial recovery pursuant to Florida law for each Florida law violation;

I.      Award SpecBooks its costs and attorneys' fees under the Lanham Act

and Florida law;

J.      Award SpecBooks prejudgment and post-judgment interest; and

K.      Grant SpecBooks such other further relief as this Court deems just and

proper.

Respectfully submitted, this 28th day of January, 2026.

<div style="margin-left: 40%">

NELSON MULLINS RILEY &
SCARBOROUGH LLP

*/s/ Lacey D. Corona, Esq.*
LACEY DELORI CORONA
Florida Bar Number: 0066454
lacey.corona@nelsonmullins.com
215 South Monroe Street, Suite 400
Tallahassee, Florida 32301
Telephone: (850) 907-2544

Ashley B. Summer*
ashley.summer@nelsonmullins.com
330 Madison Avenue, 27th Floor
New York, New York 10017
Telephone: (212) 413-9036
*Pro hac vice admission forthcoming

*Attorneys for Plaintiff Roy IV, LLC*

</div>